**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MANDY ANDERSON LOPEZ, 3RD FLOOR TERRITORIES, LLC, | § § | |
| *Plaintiffs* | § § | SA-21-CV-00754-XR |
| -vs- | § § | |
| PHH MORTGAGE CORPORATION, | § § | |
| *Defendant* | § § § | |

## ORDER

On this date, the Court considered Defendant's motion to dismiss (ECF No. 5). After careful consideration, Defendant's motion is **GRANTED**.

## BACKGROUND

Plaintiffs Mandy Anderson Lopez and 3rd Floor Territories, LLC seek to prevent Defendant PHH Mortgage Corporation ("PHH") from foreclosing on the real property located at 2022 Barney Avenue, San Antonio, Texas 78237 (the "Property").

Lopez is the heir to Decedent Diana C. Garcia ("Borrower"). Garcia executed a promissory note (the "Note") and security instrument ("Deed of Trust") on May 18, 2006, in favor of New Century Mortgage Corporation ("NCMC") in connection with a home equity loan secured by the Property in the principal amount of $54,400,00. Thereafter, NCMC assigned its interest in the Note and Deed of Trust to Wells Fargo Bank, National Association, as Trustee Under Pooling and Servicing Agreement Dated as of September 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-HE2 Mortgage Pass-Through Certificates, Series 2006-HE2 ("Wells Fargo").[1] PHH is the mortgage servicer for Wells Fargo. *See* ECF No. 5 at 6.

---

[1]     PHH has attached as exhibits to its motion copies of the Deed of Trust and the Note and evidence of the subsequent assignments to Wells Fargo. *See* ECF No. 5. The Supreme Court has held that in deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider any documents attached to the complaint and

Since inheriting the Property from Garcia, Lopez has entered into an agreement to sell the Property to 3rd Floor Territories, which "has agreed to pay the mortgage amount, once verified, and satisfy the note in full." ECF No. 1-1 at 9.

On July 30, 2021, Lopez and 3rd Floor Territories filed their Original Petition and Application for Temporary Restraining Order and Temporary Injunction (the "Petition") against PHH in state court, alleging violations of the Texas Property Code, Texas Business and Commerce Code, and Texas Debt Collection Act ("TDCA"), and seeking injunctive and declaratory relief. ECF No. 1-1 at 9–13. The Petition challenges Defendant's authority to foreclose on the property based on its failure to produce certified copies of any and all transfer documents showing all of the transfers and assignments of the Original Deed of Trust and the Original Note. On August 2, 2021, the state court issued a temporary restraining order preventing a foreclosure sale allegedly scheduled for August 3, 2021. *See* ECF No. 1-1 at 12, 22–25. Defendant removed the action to this Court on August 12, 2021, on the basis of diversity jurisdiction. ECF No. 1 at 1.

PHH now moves to dismiss the Petition, arguing that it relies on legal positions that have no basis in Texas law, including a meritless "show-me-the-note" theory, and have failed to allege that they have suffered any damages as a result of any alleged statutory violations. ECF No. 5. Defendant further argues that 3rd Floor Territories lacks standing to assert claims against PHH as a third party without any interest in the Property. *Id*. Plaintiffs have not responded to the motion, and the time in which to do so has expired.

---

any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Because the Deed of Trust and the Note are central to the claims set forth in the Petition and referenced therein, the Court may consider them in evaluating Defendant's motion to dismiss.

## DISCUSSION

### I.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

## II.    Analysis

### A.    3rd Floor Territories' Standing

PHH argues that all claims asserted by 3rd Floor Territories fail as a matter of law because, as a potential purchaser without any legal or equitable interest in the Property, it lacks standing as a third party to challenge the validity of the foreclosure sale.

"As a general rule, only the mortgagor or a party who is in privity with the mortgagor has standing to contest the validity of a foreclosure sale pursuant to the mortgagor's deed of trust." *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 489 (Tex. 1988) (citing *Estelle v. Hart*, 55 S.W.2d 510, 513 (Tex. [Comm'n Op.] 1932)). However, when a third party has a property interest, whether legal or equitable, that will be affected by such a sale, the third party has standing to challenge such a sale to the extent that its rights will be affected by the sale. *Am. Savings & Loan Assoc. v. Musick*, 531 S.W.2d 581, 586 (Tex. 1976); *Estelle*, 55 S.W.2d at 513.

Some Texas courts have held that an option to purchase property supported by consideration constitutes a property interest that can create standing for the purposes for challenging a foreclosure sale. *See Goswami*, 751 S.W.2d at 489 (option contract gave optionee equitable interest in property and standing to contest validity of foreclosure sale); *see also*

*Hitchcock Props., Inc. v. Levering*, 776 S.W.2d 236, 238 (Tex. App.—Houston [1st Dist.] 1989, writ denied) (sale of option to purchase real estate constitutes sale of interest in land under Real Estate License Act because option gives optionee equitable interest in land). However, a party's status as a potential purchaser does not, without more, create standing to prevent foreclosure. *See W & L Ventures, Inc. v. E. W. Bank*, No. CIV.A. H-13-00754, 2014 WL 1248157, at *3 (S.D. Tex. Mar. 26, 2014) (defendant bank's representation that it would give the plaintiffs an opportunity to bid on the property did not, as a matter of law, give the plaintiffs a legal or equitable interest in the property that would allow them to challenge the foreclosure sale of the property to a third party).

It is not clear from the Petition whether Lopez's "Seller Agreement" with 3rd Floor Territories constitutes an option contract supported by consideration or merely an expression of 3rd Floor Territories' intent to purchase the Property. ECF No. 1-1 at 9. The Court cannot conclude based on the allegations in the Petition that 3rd Floor Territories has standing to challenge Defendant's right to foreclose on the Property. Even if 3rd Floor Territories could establish a legal or equitable interest in the Property that would create standing, however, its claims would fail as a matter of law for the reasons set out more fully below.

### B.     Violation of the Texas Property Code

In the Petition, Plaintiffs claim that PHH violated the Texas Property Code by "fail[ing] to give proper notice because all transfers of the lien were not recorded timely as required by Texas law prior to the acceleration and collection action on the Note," and question whether PHH is entitled to enforce the terms of the lien. *Id.*

PHH correctly observes that the Petition fails to identify which provision of the Texas Property Code has been violated by the alleged failure to record the lien transfers. This is likely

because Texas law does not in fact require that assignments of deeds of trust be recorded to be enforceable. In Texas, there is no requirement that the deed of trust assignment be recorded. *See Bittinger v. Wells Fargo Bank, N.A.*, 744 F. Supp. 2d 619, 625 (S.D. Tex. 2010) ("the ability to foreclose on a deed of trust is transferred when the note is transferred, not when an assignment of deed of trust is either prepared or recorded"); *see also Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 755 (N.D. Tex. 2013) ("Texas courts have consistently held that recordation is not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to those instruments."(citation omitted)); *Herrera v. Wells Fargo Bank, N.A.*, No. H-13-68, 2013 WL 961511, at *9 (S. D. Tex. Mar. 12, 2013) ("The failure to . . . record the assignment of the deed of trust when it was executed, and the foreclosure before the assignment was recorded, do not as a matter of law give rise to a[ ] claim."). Nor has Texas law ever required the recording of assignments of a note. *See K.C.B. Equities, Inc. v. HSBC Bank USA, Nat'l Ass'n*, No. 05-10-01648-CV, 2012 WL 1985899, at *4 (Tex. App.—Dallas June 4, 2012, no pet.) (mem. op.) ("KCB offers no authority, and we have located none, that requires the recording of assignments of a Note.").

Accordingly, Plaintiffs' claim for violation of the Property Code or otherwise for failure to record the Deed of Trust assignment fails as a matter of law and must be dismissed.

### C.    Violation of the Texas Business & Commerce Code

Plaintiffs assert that PHH has violated the Texas Business and Commerce Code by failing to produce the original Note in order to demonstrate that it is entitled to foreclose on the Property as the "Holder" or "Holder in Due Court" of the Note. ECF No. 1-1 at 10–11. This is a legal theory colloquially known as the "show-me-the-note" theory. Its supporters argue that "only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial

foreclosure." *Wells v. BAC Home Loans Serv., L.P.*, No. W–10–CA–00350, 2011 WL 2163987, at *2 (W.D. Tex. Apr. 26, 2011). The theory relies on that rationale that judicial enforcement of a promissory note requires the enforcing party to prove possession of the original note, and as such a mortgagee in a non-judicial foreclosure action should be required to do the same.

The "show-me-the-note" theory has been repeatedly rejected by federal courts evaluating Texas law, including this Court. *See, e.g.*, *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253–54 (5th Cir. 2013); *Preston*, 931 F. Supp. 2d at 757–58; *Seeberger Bank of Am., N.A. Ventures Trust 2013 I.H.R. v. Seeberger*, No. EP14-CV-366-KC, 2015 WL 9200878, at *20 (W.D. Tex. Dec. 16, 2015); *Kingman Holdings, L.L.C. v. U.S. Bank Tr.*, No. SA-15-CV-1083-XR, 2016 WL 429804, at *4 (W.D. Tex. Feb. 3, 2016); *Washington v. JP Morgan Chase*, No. SA-11-CV-763-XR, 2013 WL 636054, at *4 (W.D. Tex. Feb. 20, 2013); *Millet v. JP Morgan Chase, N.A.*, No. SA-11-CV-1031-XR, 2012 WL 1029497, at *2–4 (W.D. Tex. Mar. 26, 2012). The Fifth Circuit has likewise held that "[t]he original, signed note need not be produced in order to foreclose," and has reaffirmed this unequivocal rejection of the "show-me-the-note" theory each time it has resurfaced. *See Martins*, 722 F.3d 249 at 253–54 (5th Cir. 2013); *Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 593 F. App'x 265, 274 (5th Cir. 2014) ("A party does not need the original note bearing the wet-ink signature to foreclose."); *Casterline v. OneWest Bank, F.S.B.*, 537 F. App'x 314, 316 (5th Cir. 2013) (holding that the "show-me-the-note" theory has no merit under Texas law).

In rejecting the "show-me-the note" theory, courts have reasoned that "Texas law differentiates between enforcement of a promissory note and foreclosure." *Ray v. Citimortgage, Inc.*, No. A–11–CA–441–SS, 2011 WL 3269326, at *3 (W.D. Tex. July 24, 2011). "Foreclosure enforces the deed of trust, not the underlying note . . . [and] is an independent action against the

collateral and may be conducted without judicial supervision." *Id.* In contrast, enforcement of the note is a personal action and requires a judicial proceeding. *Id.* "Thus, the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien are *severable*." *Claud v. Gray*, 81 S.W.2d 647 (Tex. 1935) (emphasis added); *see also Aguero v. Ramirez*, 70 S.W.3d 372, 375 (Tex. App.—Corpus Christi 2002, pet. denied) ("Where there is a debt secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations."). Accordingly, a mortgagee may elect its remedy in the event of a borrower's default—it may either seek a personal judgment against the borrower without foreclosing the lien or it may foreclose the lien and subsequently resolve with the borrower any difference in the foreclosure sale amount and the amount due on the note. *Id.*

In cases where a note holder seeks a judgment against the borrower, the holder must typically demonstrate that it is the holder of the note by producing the original wet-ink instrument. Requiring the note holder to prove possession of the original note prevents multiple entities from attempting to collect on it. *See Resolution Trust Corp. v. Camp*, 965 F.2d 25, 29–30 (5th Cir. 1992) ("We would not hesitate to reverse summary judgment had Appellants pointed to evidence in the record to the effect that they had a legitimate fear that the RTC was not the owner and holder of the note in question and that some other entity might later approach them demanding payment.").

In contrast, courts have held that the Texas Property Code does not require a mortgagee in a non-judicial foreclosure action to produce the original promissory note as a prerequisite to foreclosure. *See Wells*, 2011 WL 2163987, at *3. Section 51.002 of the Code, which lays out the steps that must be taken in order to foreclose on property, does not include a provision requiring a mortgagee to produce the original promissory note. Moreover, the Property Code further

provides that a mortgage servicer, such as PHH, may administer the foreclosure of property under Section 51.002 on behalf of a mortgagee. *See id.* § 51.0025. To administer the foreclosure process, the mortgage servicer need only receive written authorization from the mortgagee and disclose that fact to the mortgagors. *See id.* Nothing requires the mortgage servicer to possess the original promissory note. *See Wells*, 2011 WL 2163987, at *3 (collecting cases).

Simply put, there is simply no requirement in Texas that a foreclosing party produce the original, ink-signed note. As such, Plaintiffs' claim under the Texas Business and Commerce Code fails insofar as it relies on the "show-me-the-note" theory.

### D.      Violation of the Texas Debt Collection Act ("TDCA")

Plaintiffs allege that because PHH has failed to produce evidence of its authority to collect on the Note, any actions it has taken to foreclose on the Property "are thereby fraudulent, deceptive, and/or misleading representations actionable under the Texas Finance Code §§392.303 and 392.304, [the TDCA]." ECF No. 1-1 at 10.

PHH argues that Plaintiffs lack standing to sue under the TDCA because "axiomatic in recovery under the TDCA is the plaintiff must be a consumer filing suit against a creditor concerning a consumer debt." ECF No. 5 at 6. Texas case law does not support Defendant's reading of the TDCA. Indeed, courts have held that the protections of the TDCA extend beyond the parties to the consumer transaction. *See, e.g.*, *Monroe v. Frank,* 936 S.W.2d 654, 660 (Tex. App.—Dallas 1996, no writ) ("The Act provides for remedies for 'any person' adversely affected by prohibited conduct, not just parties to the consumer transaction."); *Campbell v. Beneficial Fin. Co. of Dallas,* 616 S.W.2d 373, 374 (Tex. App.—Texarkana 1981, no writ) (holding that because "any person may maintain an action for actual damages sustained as a result of the violation of the Act, . . . persons other than the debtor may maintain an action for violations of

the Act"); *see also McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 473 (5th Cir. 2015) ("Whether [the plaintiffs] own an interest in the subject property or are parties or obligors on the subject debt is irrelevant for purposes of the standing inquiry.").

Nonetheless, PHH correctly notes that the Petition does not contain any specific allegations as to how PHH MC violated the TDCA, such as describing its fraudulent, deceptive, or misleading representations. To the extent that Plaintiffs intend to argue that any attempt to initiate a non-judicial foreclosure is fraudulent by virtue of Defendant's failure to produce the original, wet-ink Note, their claim under the TDCA fails because, as explained above, Texas law does not recognize the "show-me-the-note" theory. Plaintiffs also fail to allege that they have suffered any damages as a result of any such conduct by PHH. Accordingly, Plaintiffs have failed as a matter of law to state a claim under the TDCA.

### E.      Injunctive and Declaratory Relief

Plaintiffs have requested an injunction prohibiting PHH from "directly or indirectly [] taking or selling in any fashion, or taking possession of the subject property during the pendency of this cause, or from otherwise disturbing or attempting to disturb [Lopez's] peaceable possession enjoyment of the property" and a declaration that PHH must produce the original Note in order to foreclose on the Property. ECF No. 1-1 at 10, 13. However, Plaintiffs' requests for injunctive and declaratory relief must be denied, as they are not supported by a viable underlying cause of action. *See Pajooh v. Harmon*, 82 F. App'x 898, 899 (5th Cir. 2003); *see, e.g.*, *Von Scheele v. Wells Fargo Bank, N.A.*, Civ. Ac. No. SA–12– CV–00690–DAE, 2013 WL 5346710, at *6 (W.D. Tex. Sept. 23, 2013); *DTND Sierra Investments LLC v. Bank of New York Mellon Trust Co., N.A.*, 958 F. Supp. 2d 738, 752 (W.D. Tex. 2013), *appeal dismissed* (Dec. 20, 2013) ("Because Plaintiff has not pleaded a single viable cause of action, he cannot make this

showing and accordingly his request for injunctive relief is dismissed."); *Val-Com Acquisitions Trust v. Chase Home Fin., LLC*, 434 F. App'x 395, 395-96 (5th Cir. 2011) (district court did not err in dismissing plaintiff's request for a declaratory judgment where plaintiff failed to state a claim for which relief may be granted); *see also Wells*, 2011 WL 2163987, at *3 ("Wells's claims under the Texas Property Code, the Texas Business and Commerce Code, and the Texas Debt Collection Act, as well as his request for declaratory relief, rest on the invalid 'show-me-the-note' theory. Accordingly, those allegations fail to "state a claim for relief that is plausible on face" and must be dismissed.").

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Petition (ECF No. 5) is **GRANTED** and Plaintiff's claims are **DISMISSED**. A final judgment pursuant to Rule 58 will follow.

It is so **ORDERED**.

**SIGNED** this 2nd day of December, 2021.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE